# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GARCES, | CASE NO. 1:06-cv-01038-LJO-SMS PC |
| Plaintiff, | ORDER CONSTRUING OBJECTION AS MOTION FOR RECONSIDERATION, AND DENYING MOTION |
| v. | |
| DEGADEO, et al., | (Doc. 19) |
| Defendants. | |

Plaintiff Luis Garces ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 16, 2007, the Magistrate Judge issued an order denied plaintiff's motion for the appointment of counsel. On May 18, 2007, plaintiff filed an objection, construed by the Court to be a motion for reconsideration.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id. When filing a motion for reconsideration, Local

1

1 | Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist
2 | which did not exist or were not shown upon such prior motion, or what other grounds exist for the
3 | motion."
4 |     Plaintiff seeks reconsideration of the order denying his motion for the appointment of counsel
5 | on the ground that he speaks Spanish and does not read or write in English.  Only in the most
6 | exceptional cases will the Court seek volunteer counsel. Rand v. Rowland, 113 F.3d 1520, 1525 (9th
7 | Cir. 1997).  Plaintiff's inability to read or write in English does not constitute an exceptional
8 | circumstance.
9 |     Accordingly, plaintiff's objection, construed as a motion for reconsideration, is HEREBY
10 | DENIED.

12 | IT IS SO ORDERED.
13 | **Dated:   May 22, 2007**     /s/ Lawrence J. O'Neill
              UNITED STATES DISTRICT JUDGE