1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GARCES, | CASE NO. 1:06-cv-01038-LJO-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| DEGADEO, et al., | (Doc. 17) |
| Defendants. | OBJECTION DUE WITHIN THIRTY DAYS |

I.    Findings and Recommendation Following Screening of Amended Complaint

A.    Screening Standard

Plaintiff Luis Garces ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 9, 2006. On March 5, 2007, the court dismissed plaintiff's complaint, with leave to amend, for failure to state a claim. Plaintiff filed an amended complaint on March 26, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.    Plaintiff's Claims

Plaintiff was an inmate housed at the California Substance Abuse Treatment Facility and State Prison in Corcoran when the events at issue in this action allegedly occurred. The defendants named in this action are Correctional Officers Diguadio[1] and Bott, and Sergeant Smith. Plaintiff is seeking money damages and injunctive relief. Plaintiff does not specifically identify his legal claims. Based on a review of the amended complaint, it appears to the court that plaintiff is attempting to pursue claims for use of excessive physical force and for the failure to protect him from harm, in violation of the Eighth Amendment.

---

[1] Identified as Degadeo in the original complaint.

2

Plaintiff alleges that on December 30, 2005, while he was on his way to the Correctional Treatment Center for physical therapy on his right shoulder, he approached defendant Smith and informed him that plaintiff and his cellmate were not getting along and he was at risk for fighting or being attacked.  Plaintiff alleges that defendant Smith told him to return to the building and inform the building officers of the problem.

Plaintiff alleges that he returned and tried to address his concerns with defendants Diguadio and Bott, but ended up being punched and kicked multiple times by defendants, and ended up on the ground with his injured arm twisted.  Plaintiff alleges that while being handcuffed, defendant Diguadio crushed his face into the floor with his boot while defendant Bott punched plaintiff.

Plaintiff alleges that after he was escorted to a holding cage in the medical technical assistants' area, defendants left and then returned with defendant Smith, who took the report the medical technical assistant was preparing.  Plaintiff alleges that defendant Smith told him if he would keep what happened a secret, he would be moved in two days.  Plaintiff alleges that he kept quiet but was not moved and six days later, his cellmate attacked him.  Plaintiff was then rehoused, and subsequently issued a Rules Violation Report.

> 1. Excessive Force Claim

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which

1  complaint is made.'" <u>Hydrick v. Hunter</u>, 466 F.3d 676, 689 (9th Cir. 2006) (quoting <u>Johnson v.</u>

2  <u>Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978)).  "[T]he 'requisite causal connection can be established

3  not only by some kind of direct, personal participation in the deprivation, but also be setting in

4  motion a series of acts by others which the actor knows or reasonably should know would cause

5  others to inflict the constitutional injury.'"  <u>Id</u>. (quoting <u>Johnson</u> at 743-44).

6       "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

7  Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  <u>Hudson v.</u>

8  <u>McMillian</u>, 503 U.S. 1, 8 (1992).  "[W]henever prison officials stand accused of using excessive

9  physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry

10  is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or

11  maliciously and sadistically to cause harm."  <u>Id</u>. at 7.  "In determining whether the use of force was

12  wanton and unnecessary, it may also be proper to evaluate the need for application of force, the

13  relationship between that need and the amount of force used, the threat reasonably perceived by the

14  responsible officials, and any efforts made to temper the severity of a forceful response."  <u>Id</u>.

15  (internal quotation marks and citations omitted).  "The absence of serious injury is . . . relevant to

16  the Eighth Amendment inquiry, but does not end it."  <u>Id</u>.  The malicious and sadistic use of force to

17  cause harm always violates contemporary standards of decency, regardless of whether or not

18  significant injury is evident.  <u>Id</u>. at 9; <u>see also</u> <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002)

19  (Eighth Amendment excessive force standard examines <u>de</u> <u>minimis</u> uses of force, not <u>de</u> <u>minimis</u>

20  injuries)).

21       Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983

22  against defendants Diguadio and Bott for use of excessive physical force, in violation of the Eighth

23  Amendment.  However, plaintiff's amended complaint is devoid of any facts supporting an excessive

24  force claim against defendant Smith.  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964-65

25  (2007).

26          2.   <u>Failure to Protect Claim</u>

27       To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

28  conditions must involve "the wanton and unnecessary infliction of pain . . . ."  <u>Rhodes v. Chapman</u>,

452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.

Plaintiff's allegation that he informed defendant Smith he was having problems with his cellmate and needed a bed move because they were incompatible and there was a risk of fighting or being attacked is sufficient to support a claim under the Eighth Amendment against defendant Smith for failing to protect plaintiff.  Plaintiff's allegation, set forth in an exhibit incorporated by reference, that defendants Diguadio and Bott were also aware of his problem with his cellmate but did nothing is sufficient to support a claim against defendants Diguadio and Bott as well.  (Amend. Comp., pg. 25.)

### 3.   Claim Arising From Issuance of Rules Violation Report

After plaintiff and his cellmate got into a fight, plaintiff was issued a Rules Violation Report. It is unclear if plaintiff is attempting to pursue any claims based on the issuance of the RVR.  In addition to the fact that plaintiff has not alleged any facts which would support a claim under section 1983 with respect to the issuance and resolution of the RVR, any such claim would be barred because plaintiff was found guilty and assessed a credit forfeiture, which affects the length of his sentence.   Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages

or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."). (Amend. Comp., pg. 30.)

                    4.     Claim for Injunctive Relief

In addition to money damages, plaintiff seeks medical care, including medication and surgery. "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667). When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128. "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" Id. at 1128 (quoting O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

1    There is an actual case or controversy before this court with respect to plaintiff's section 1983

2    claim for money damages arising out of defendants' alleged conduct on December 30, 2005.

3    However, equitable remedies are "unavailable absent a showing of irreparable injury, a requirement

4    that cannot be met where there is no showing of any real or immediate threat that the plaintiff will

5    be wronged again - a 'likelihood of substantial and immediate irreparable injury.'"  Lyons at 111,

6    1670 (quoting O'Shea, 414 U.S. at 502, 94 S.Ct. at 679).  In this instance, it is the past conduct of

7    defendants which gives rise to plaintiff's claims for relief, and should plaintiff prevail, plaintiff's

8    injury will not go unrecompensed because plaintiff has an adequate remedy at law.  Id.  Plaintiff is

9    not entitled to equitable relief for defendants' past conduct because there is no allegation that he will

10   be wronged again by defendants.  The court lacks jurisdiction in this action to order that plaintiff be

11   provided with medical care and plaintiff's claim for injunctive relief is therefore not cognizable.

12   This action should proceed as one for money damages only.

13       C.    Conclusion

14       The court finds that plaintiff's amended complaint states claims upon which relief may be

15   granted under section 1983 against defendants Diguadio and Bott for use of excessive force, and

16   against defendants Smith, Diguadio, and Bott for failing to protect plaintiff.  However, the amended

17   complaint does not state any other claims under section 1983, and does not state a cognizable claim

18   for injunctive relief.  Plaintiff was previously given leave to amend with respect to his excessive

19   force claim and the other claims are not amenable to amendment.  Lopez v. Smith, 203 F.3d 1122,

20   1130 (9th Cir. 2000).  Therefore, it is HEREBY RECOMMENDED that:

21       1.    This action proceed on plaintiff's amended complaint against defendants Diguadio

22             and Bott for use of excessive force, and against defendants Smith, Diguadio, and Bott

23             for failing to protect plaintiff;

24       2.    Plaintiff's excessive force claim against defendant Smith and claim based on the

25             issuance of the RVR, to the extent such claims are even alleged, be dismissed for

26             failure to state a claim; and

27   ///

28   ///

3.      Plaintiff's claim for injunctive relief be dismissed for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:   July 24, 2007            /s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE