# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GARCES,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>DEGADEO, et al.,<br><br>　　　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-01038-LJO-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS EXCESSIVE FORCE CLAIM FOR FAILURE TO EXHAUST BE GRANTED, AND DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SURREPLY BE GRANTED<br><br>(Docs. 32 and 40)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations on Defendants' Motion to Dismiss Claim**

**I.     Procedural History**

Plaintiff Luis Garces ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's second amended complaint, filed March 26, 2007, against Defendants Diguadio and Bott for use of excessive force, and against Defendants Smith, Diguadio, and Bott for failing to protect Plaintiff, in violation of the Eighth Amendment.  On December 19, 2007, Defendants Bott and Diguadio ("Defendants") filed a motion to dismiss the excessive force claim against them for failure to exhaust the available administrative remedies.  (Doc. 32.)  Plaintiff filed an opposition on January 9, 2008, and Defendants filed a reply on January 17, 2008.[1]  (Docs. 34, 35.)  On February 8, 2008, Plaintiff

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on September 19, 2007.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  (Doc. 27.)

1

1 filed a surreply without leave of Court, and on February 14, 2008, Defendants filed a motion to strike
2 Plaintiff's surreply. (Docs. 39, 40.)

3 Defendants' motion to dismiss was deemed submitted pursuant to Local Rule 78-230(m) on
4 January 17, 2008. Plaintiff does not have a right to file a surreply under the Local Rules or the
5 Federal Rules of Civil Procedure, and Plaintiff did not obtain leave of court to do so. Therefore, the
6 Court recommends that Defendants' motion to strike the surreply be granted.

7 **II.     Exhaustion Requirement**

8 Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with
9 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner
10 confined in any jail, prison, or other correctional facility until such administrative remedies as are
11 available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available
12 administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney
13 v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief
14 sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S.
15 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating
16 to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

17 Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
18 defense under which Defendants have the burden of raising and proving the absence of exhaustion.
19 Jones v. Bock, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).
20 The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an
21 unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119
22 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998)
23 (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the
24 Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-
25 20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper
26 remedy is dismissal without prejudice. Id.
27 ///
28 ///

**III.     Defendants' Motion**

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

Defendants concede that Plaintiff's failure to protect claim was exhausted, but argue that Plaintiff did not exhaust his excessive force claim. Defendants submit evidence that Plaintiff filed an appeal grieving the excessive force claim, but it was cancelled at the first formal level of review for failure to participate in an interview, and it was then screened out at the Director's level because Plaintiff did not have a second level decision. (Doc. 32, Gomez Dec., ¶6; Grannis Dec.,¶6.)

Plaintiff's opposition and exhibits demonstrate that after the cancellation of his appeal at the first level, he submitted it to the Director's Level, bypassing the second level. (Doc. 34, pgs. 8-10, 18, 19, 28-34.) It was returned because inmates may not proceed to the Director's Level without first obtaining a second level decision. (Id.) Plaintiff then submitted his appeal to the second level, where it was screened out because an appeal cancelled for lack of cooperation may not be submitted to the next higher level of review and because the appeal was initially returned on March 2, 2006, and Plaintiff did not submit it to the second level until May 15, 2006, in violation of time constraints. (Id.)

Plaintiff does not dispute that his appeal was cancelled for failure to participate in an interview, but argues that Defendants are not entitled to dismissal because he was dissatisfied at the first level because of a misunderstanding, because the reviewer was investigating his own officers' conduct, and because the officer did not have sufficient command of the Spanish language. (Id., pg.

3

8.) Plaintiff argues that he did not violate the time constraints because he submitted the appeal to the Chief of Inmate Appeals five days after receiving the response, and when he received the Director's response, he immediately complied with the instruction to submit it to the second level for response, at which point it was rejected. (Id., pg. 9.)

"Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal," Woodford,126 S.Ct. at 2382. Pursuant to applicable regulations, the failure to cooperate or be interviewed constitutes abuse of the appeals system and results in cancellation of the appeal, subjecting it rejection upon screening. Tit. 15, §§ 3084.3(c)(8), 3084.4(d). By refusing to be interviewed, Plaintiff failed to comply with the procedural rules. Further, Plaintiff opted to resubmit the appeal directly to the Director's Level of review and by the time he attempted to resubmit it to the second level of review, he was in violation of the time constraints. The appeal was not exhausted and it was not exhausted due to Plaintiff's failure to follow the applicable procedural rules, a failure which cannot be excused because Plaintiff was unhappy with the proceedings at the first level of review. Accordingly, Defendants are entitled to dismissal of the excessive force claim.

**IV.     Conclusion and Recommendation**

For the reasons set forth herein, the Court HEREBY RECOMMENDS that

1. Defendants Bott and Diguadio's motion to dismiss the excessive force claim, filed December 19, 2007, be GRANTED;

2. Defendants' motion to strike Plaintiff's surreply, filed February 14, 2008, be GRANTED; and

3. Defendants Bott, Diguadio, and Smith be ordered to file an answer within thirty days of the date the district court issues its ruling.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

1 Findings and Recommendations." The parties are advised that failure to file objections within the
2 specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d
3 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 2, 2008**                    /s/ Sandra M. Snyder
                                      UNITED STATES MAGISTRATE JUDGE