IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA (Fresno)

| | |
|---|---|
| Luis M. Garces,<br>　　　　Plaintiff,<br>vs.<br>Degadeo, Officer Bott, Smith,<br>　　　　Defendants. | No. 1:06-cv-1038-JAT (PC)<br><br>**ORDER** |

Pending before the Court is Plaintiff's request for an extension of time (Doc. #83). Plaintiff specifically asks for a 60 day extension of time to complete a deposition that was originally scheduled for February 26, 2009. The Court has reviewed the scheduling order in this case which was issued by another Judge (Doc. #50). The Court cannot locate a specific "deposition" deadline in that Order. Thus, the Court assumes Plaintiff is seeking to extend the March 26, 2009 discovery deadline. Defendants respond that they do not object to a continuance as long as all related scheduling order deadlines are extended.

As far as the Court can tell, the parties are discussing three different production requests. Plaintiff is discussing his first request for production dated August 4, 2008, and two second requests for production of documents dated January 26, 2009 and February 16, 2009.[1] Defendants are discussing a January 29, 2009 notice of deposition, which, according to Defendants, included a request for production.

---

[1] The January 26, 2009 version of the second request for production attached to Plaintiff's motion appears to be an incomplete copy of the February 16, 2009 second request for production (also attached to Plaintiff's motion). For this reason, the Court is disregarding the January 26, 2009 version, and only discussing the February 16, 2009 complete version of the second request for production.

Any issue with respect to Plaintiff's first request for production, to which Defendant responded on September 2, 2008, should have been raised at the discovery dispute hearing on February 11, 2009 before this Court. The Court does not know why Plaintiff is attaching this request to his motion, but the Court now makes clear that Defendants' response to that request will not be revisited and Plaintiff must proceed as instructed at the February 11, 2009 hearing.

With respect to Plaintiff's February 16, 2009 second request for production, that request is untimely under the scheduling order, which required requests to be sent at least 45 days before the close of discovery.[2] With respect to Defendants' January 29, 2009 request, Plaintiff response was due by March 16, 2009. The Court is unable to ascertain whether Plaintiff responded by this time, but Defendants' filing on March 24, 2009 implies that no response had yet been received.

To allow the parties to complete discovery, the Court will order the following schedule. However, the parties are cautioned that given that this case was filed in 2006, and the parties have been in discovery since July 2008, there will be no further extensions of these deadlines. This Court takes both its duty and the parties' duty to reach a "speedy" resolution of the case seriously, and will hold the parties to the following schedule. *See* Fed.R.Civ.P. 1. Accordingly,

**IT IS ORDERED** granting Plaintiff's motion for extension of time (Doc. #83) as follows: Defendants shall respond to Plaintiff's second request for production by April 27, 2009; Plaintiff shall respond to Defendants' January 29, 2009 request for production by April 27, 2009.

**IT IS FURTHER ORDERED** that any other discovery requests shall be propounded by May 4, 2009.

---

[2] If Plaintiff sent this request January 26, 2009, it would have been timely, but the Court cannot determine from the record Plaintiff provided whether this occurred.

1    **IT IS FURTHER ORDERED**, to assist the Court in developing the record, every request for production propounded between now and May 4, 2009 shall be <u>filed</u> into the record. Any request not filed with the Court will not be considered by the Court as part of any motion to compel. To the extent this Order is inconsistent with paragraph 1 of the scheduling order (Doc. #50), Federal Rule of Civil Procedure 5, or Eastern District of California Local Rule 5-135, they are all superceded by this Order.

**IT IS FURTHER ORDERED** that responses to any requests for production propounded between now and May 4, 2009 shall be mailed to the opposing party by <u>June 1, 2009</u>.

**IT IS FURTHER ORDERED** that any motions to compel shall be filed by <u>June 15, 2009</u>, responses shall be due by <u>July 2, 2009</u> (no replies will be permitted).

**IT IS FURTHER ORDERED** that the deadline for completing all discovery is <u>July 31, 2009</u>.

**IT IS FURTHER ORDERED** that the deadline for filing dispositive motions is <u>August 27, 2009</u>.

**IT IS FURTHER ORDERED** that there will be no further extension of these deadlines. The failure to comply with any deadline will be deemed a waiver of the failing-parties' ability to seek any remedy related to that deadline. Filing a motion to extend time will not extend any deadline herein; thus compliance is required even if a motion to extend time is pending.

DATED this 2nd day of April, 2009.

_____
James A. Teilborg
United States District Judge