1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT
7        FOR THE EASTERN DISTRICT OF CALIFORNIA (Fresno)
8
Luis M. Garces,                        )    No. 1:06-cv-1038-JAT
9                                       )
            Plaintiff,                  )    **ORDER**
10                                      )
vs.                                     )
11                                      )
12  Degadeo, Officer Bott, Smith,       )
                                        )
13          Defendants.                 )
                                        )
14  _____)

15        Pending before the Court is Plaintiff's request to issue three subpoenas duces tecum

16  under Federal Rule of Civil Procedure 45[1] to three non-parties.  Defendants have not

17  responded to the motion.  On August 21, 2008, the Judge to whom this case was previously

18  assigned, denied various discovery requests of Plaintiff, and cautioned Plaintiff that to obtain

19  such subpoenas, he must: "(1) identif[y] with specificity the documents sought and from

20  whom, and (2) make[] a showing in the motion that the records are only obtainable through

21  that third party."  Doc. #58.

22        In the currently pending motion, Plaintiff seeks to issue a subpoena duces tecum to

23  the following three individuals: Lieutenant Baires, Dr. D. Smith and physical therapist D.

24  Daniel.  Plaintiff states the following with respect to each potential witness:

25        1. Lieutenant Baires.  He is a state prison lieutenant of Corcoran "D" yard and he was

26  the reviewer officer [sic] of Plaintiff appeal ... who was interviewed ... .

27  _____

28        [1] Plaintiff mistakenly cites Rule 34.

2. Dr. D. Smith.  He is a doctor surgeon whos do [sic] the surgery on Plaintiff right shoulder.

3. D. Daniel is a fisical [sic] therapist whos assist [sic] Plaintiff with his fisical [sic] therapy and he keeps and can explain Plaintiff record of process.

Doc. #86 at 1-2.

A subpoena duces tecum is a request for production of documents.  With respect to the first two people Plaintiff seeks to subpoena, Plaintiff has failed to list, with specificity, as requested by the Order of August 21, 2008, what documents he is seeking.  Thus, Plaintiff's motion will be denied with respect to Lieutenant Baires and Dr. D. Smith.

As to physical therapist D. Daniel, Plaintiff does mention his physical therapy record.  Giving Plaintiff the benefit of the doubt, the Court will interpret this as a request for Plaintiff's personal physical therapy records, if any, kept by D. Daniel.

Further, consistent with the August 21, 2008 Order, Plaintiff has shown that he is unable to obtain this record from any other source.  Attached to Doc. #65 is a letter of August 14, 2008, signed by counsel for the Defendant, indicating the she would not provide any discovery related to Lieutenant Baires, Dr. D. Smith, or physical therapist D. Daniels because her office does not represent them.  Doc. #65 at 10.  Thus, the Rule 45 subpoena duces tecum appears to be Plaintiff's only recourse for obtaining his physical therapy records.

Therefore,

IT IS ORDERED Plaintiff's motion for issuance of a subpoena duces tecum (Doc. #86) is granted with respect to physical therapist D. Daniel, but denied, without prejudice, with respect to Lieutenant Baires and Dr. D. Smith.

IT IS FURTHER ORDERED that Plaintiff shall complete the subpoena form (attached) for D. Daniel.  Plaintiff must also complete a USM-285 form (attached) for D. Daniel. Plaintiff must return both the completed subpoena and the completed form USM-285 to the Clerk's office by June 15, 2009.

IT IS FURTHER ORDERED that in completing the subpoena, Plaintiff may request ONLY production of documents (the third box down on the form).  Further, Plaintiff should

use the address of the Clerk's office as the place to which physical therapist D. Daniels should deliver the records.  Upon receipt of the records, the Clerk's office should file them into the record in this case and send a copy to each party (using the Court's electronic filing system for all represented parties).

IT IS FURTHER ORDERED that when the Clerk's office receives the subpoena and the form USM-285 from the Plaintiff, the Clerk's office shall hold the originals (for future delivery to the Marshals), and also scan them into the record in this case so the Court can review them to ensure compliance with the limitations of this Order.  Plaintiff may NOT attempt to serve the subpoena himself; once the Court has reviewed the subpoena, the Court will direct the United States Marshal to serve the subpoena.

DATED this 28th day of May, 2009.

James A. Teilborg
United States District Judge

**Issued by the**

# UNITED STATES DISTRICT COURT

_____ District of _____

**SUBPOENA IN A CIVIL CASE**

V.

Case Number:[1]

TO:

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| | |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| | |

*(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)*

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

| DATE | SIGNATURE OF SERVER |
|---|---|
| | ADDRESS OF SERVER |

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN

*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| DEFENDANT | TYPE OF PROCESS |

**SERVE AT** {

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW

| | |
|---|---|
| Number of process to be served with this Form 285 | |
| Number of parties to be served in this case | |
| Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Addresses,* *All Telephone Numbers, and Estimated Times Available for Service):*

Fold

Fold

Signature of Attorney other Originator requesting service on behalf of:   ☐ PLAINTIFF   ☐ DEFENDANT

| TELEPHONE NUMBER | DATE |
|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. _____ | District to Serve No. _____ | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

Name and title of individual served *(if not shown above)*

☐ A person of suitable age and discretion then residing in defendant's usual place of abode

Address *(complete only different than shown above)*

| Date | Time | ☐ am ☐ pm |
|---|---|---|

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|

REMARKS:

**PRINT 5 COPIES:**   1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment,
   if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/80