IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| **LUIS GARCES**, | No. 1:06-CV-01038-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| **DEGADEO, et al.**, | |
| Defendants. | |

Defendants Bott, Digaudio, and Smith have filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 (Doc. #97). The Court is responsible for making a *pro se* prisoner "aware of the requirements and consequences" of a motion for summary judgment. Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998). In particular, a prisoner must be "'informed of his or her right to file counter-affidavits or other responsive evidentiary materials and be alerted to the fact that failure to do so might result in the entry of . . . judgment against the prisoner.'" Wyatt v. Terhune, 315 F.3d 1108, 1114 n. 6 (9th Cir. 2003). A prisoner should be notified that if he "fails to controvert the moving party with opposing counter-affidavits or other evidence, the moving party's evidence might be taken as the truth, and final judgment may be entered against the prisoner." Id.

## NOTICE--WARNING TO PLAINTIFF

*THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT*

The Motion for Summary Judgment seeks to have your claims resolved in Defendants' favor without a trial (Doc. #97). A motion for summary judgment under Federal Rule of Civil Procedure 56 will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case as to the respective claims. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your claims will be dismissed.

You must timely respond to all motions. Because this Court has ordered you to respond, if you fail to respond, your failure may be treated as a violation of a Court order and as a failure to prosecute your claims, and your case may be dismissed on that basis. Fed. R. Civ. Pro. 41(b).

**IT IS ORDERED:**

(1) Within **30 days** from the date this Order is filed, Plaintiff must file a response to Defendants' Motion for Summary Judgment (Doc. #97), together with a separate Statement of Facts and supporting affidavits or other appropriate exhibits. (The Court notes that Plaintiff's subpoena for certain records was re-sent to the Marshals for service on August 24, 2009. If those records have not been received within 30 days of the date of this Order, Plaintiff may move for an extension of this response time.)

1     (2) Defendants may file a reply within **15 days** after service of Plaintiff's response.

2     (3) The Motion for Summary Judgment will be deemed ready for decision without
3 oral argument on the day following the date set for filing a reply unless otherwise ordered
4 by the Court.

5     DATED this 2nd day of September, 2009.

```
                          _____
                          James A. Teilborg
                          United States District Judge
```