IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA (Fresno)

|  |  |
|---|---|
| Luis M. Garces,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Degadeo, Officer Bott, Smith,<br><br>　　　　Defendants. | No. 1:06-cv-1038-JAT<br><br>**ORDER** |

On September 3, 2009, Defendants moved for reconsideration of this Court's order denying Plaintiff's motion to compel. First, Defendants include a quote that was not in the order, so the Court will disregard that portion of the motion. Next, Defendants seek clarification of whether the Court intended that they be bound by Federal Rule of Civil Procedure 26(a). The Court clarifies that Defendants were not required to comply with Federal Rule of Civil Procedure 26(a).

Additionally, Defendants seek reconsideration of the Court's holding that Defendants have waived the right to use any documents that they claim were not in their custody and control for purposes of summary judgment or trial. The Court will not reconsider this holding. Finally, Defendants seek to have the Court reconsider its holding that Defendants may not supplement their discovery responses. The Court never held that Defendants would be precluded from filing supplemental responses; thus, the Court need not reconsider this holding.

To clarify, the Court's order that Defendants had waived the right to use any documents that they claim are not in their custody and control for summary judgment or at trial was intended to refer to documents to which they currently have access. As to documents to which Defendants may gain access later, each document would be considered on a case by case basis; including when Defendants requested the documents, when Defendants received the documents, and when Defendants supplemented their responses. For example, the Court would likely preclude Defendants from using documents that Plaintiff sought in discovery that Defendants claimed were not in their custody and control, but when Defendants requested the documents from their employer after the close of discovery, they were given to Defendants. To show a lack of custody and control, Defendants would need to make a showing that they sought and were denied access to the documents during discovery; otherwise their request for and receipt of the documents after the close of discovery would imply that they were really in their "control" all along. However, the Court will not give an advisory opinion on this issue, and will consider each document based on the facts surrounding it.

Therefore,

IT IS ORDERED that Defendants' motion for clarification (Doc. #99) is granted; Defendants' request for reconsideration (Doc. #99) is denied.

DATED this 23rd day of September, 2009.

_____
James A. Teilborg
United States District Judge