**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA (Fresno)

| | |
|---|---|
| Luis M. Garces, | No. 1:06-cv-1038-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Degadeo, Officer Bott, Smith, | |
| Defendants. | |

Pending before the Court is Defendants' Motion for Summary Judgment (Doc. #97). For the reasons outlined below, the Court will grant the Motion.

**I. BACKGROUND**

Plaintiff Luis Garces is a state prisoner who has sued three prison officials pursuant to 42 U.S.C. §1983 for an Eighth Amendment violation. Plaintiff claims Defendants failed to protect him from an attack by his cell mate. Plaintiff also alleged that Defendants Bott and Diguadio used excessive force against him, but that claim has been dismissed.

Plaintiff was housed at the California Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran when the events at issue here allegedly occurred. Defendants Sergeant Smith and Correctional Officers Diguadio and Bott all worked at SATF at that time.

Plaintiff alleges that on December 30, 2005, he told Defendant Smith that he and his

cell mate were not getting along and that he had a safety concern.[1] Plaintiff also told Defendant Smith that he had voiced his concerns to his housing officers, including Defendant Bott, days before, but that the housing officers had not yet moved him. Defendant Smith allegedly told Plaintiff to return to his building and inform the building officers of the problem.

Upon his return to the unit, Plaintiff claims that he approached Defendant Bott with his safety concerns. (Id. at 15:16-24).[2] Plaintiff testified that he spoke with Defendant Bott, but that Defendant Diguadio was not there at that time. Plaintiff stated that he did not speak to Defendant Diguadio about his concerns.[3] (Id. at 15:20-24). Plaintiff was not transferred to another cell.

On January 6, 2006, as Plaintiff and his cell mate exited their cell, they began striking one another. Plaintiff made the following statement about the fight, "On December 30, I told them I could not get along with my cellie. They forced me to stay with, him. I waiting for 6 days, but they wouldn't move. So we finally fought!" (Rules Violation Report, Doc. #97-

---

[1] Plaintiff testified that he told Smith that Plaintiff could not "fight because I got a surgery on my arm, my right shoulder. And my safety concern is going to be in danger." (Garces Depo., Doc. #97-5, 13:2-4). Plaintiff further testified, "I told [Smith] that I got a safety concern with my cellie, that I can't, you know, stay with him in the same cell. Because, you know - - my English is too bad - - so I told him that I can't go back to my cell with my cellie, because we were going to fight, so - - and I need to get a cell move, to another house, another place." (Id. at 13:9-15).

[2] In his Response to Interrogatory No. 3 of Plaintiff's First Interrogatories, Defendant Bott stated he: "did speak with Inmate Garces about a safety concern on December 30, 2005. Inmate Garces demanded a bed move . . ., but never mentioned any safety concerns." (Doc. #102, Defendant Bott's Response to Plaintiff's's First Set of Interrogatories at 2:15-17).

[3] Defendant Diguadio has stated that he did not know of Plaintiff's safety concerns. (Defendant Diguadio's Response to Interrogatory #6 of Plaintiff's Second Set of Interrogatories at 4:1-2)

6). As a result of that altercation, Plaintiff was found guilty of mutual combat[4] and was assessed a good time credit forfeiture of ninety (90) days. (Defendants' State of Facts "DSOF," Doc. #97-2, ¶9).

Plaintiff is serving a life sentence with the possibility of parole with a one year determinate sentence to run consecutive to his life term. (DSOF ¶11). The ninety-day credit forfeiture extended his minimum eligible parole date from May 5, 2030 to August 3, 2030. (DSOF ¶12).

Defendants filed for summary judgment on Plaintiff's sole remaining claim, failure to protect in violation of the 8th Amendment, on August 27, 2009.

## II. LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, summary judgment is mandated, "...against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id*. at 323. The burden then shifts to the non-movant to establish the existence of material fact. *Id*. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial.'"

---

[4]"Mutual Combat" is defined in CCR Section §3005(c), in pertinent part, as "Force or Violence. Inmates shall not willfully commit or assist another person in the commission of a violent injury to any person or persons, including self mutilation or attempted suicide, nor attempt or threaten the use of force or violence upon another person." (Rules Violation Report, Doc. #97-6).

- 3 -

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Id.* at 247-48. However, in the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

### III. ANALYSIS AND CONCLUSION

The Eighth Amendment imposes certain duties on prison officials. They must provide humane prison conditions; must ensure that inmates receive adequate clothing, shelter, and medical care; and "must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)(internal citations omitted). Prison officials have a duty to protect prisoners from violence "at the hands of other prisoners." *Id.* Plaintiff claims that Defendants failed to protect him from violence, despite his request for a cell transfer.

#### A. *Heck* Bar

Defendants argue that Plaintiff's failure to protect claim is *Heck* barred. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that to recover damages for harm caused by actions "whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed . . . ." If a §1983 plaintiff has a criminal conviction arising out of the same facts, and that conviction still stands and is "fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Cunningham v. Gates*, 312 F.3d 1148, 1153 (9th Cir. 2002)(internal citations omitted). To determine whether *Heck* bars a claim, courts must consider whether a §1983 plaintiff could prevail "only by negating an element of the offense of which he has been convicted." *Id.* at 1154

(internal citations omitted).

The Supreme Court has extended the *Heck* bar to §1983 suits that would negate prison disciplinary proceedings that affect good-time credits. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). A prisoner's challenge to a disciplinary hearing procedure is barred if judgment in his favor would necessarily imply the invalidity of the resulting loss of good-time credits. *Id*. at 646. So, a "prisoner's §1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction *or internal prison proceedings*) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)(emphasis added).

As a result of his fight with his cell mate, Plaintiff was found guilty in an internal prison proceeding of mutual combat and was assessed a good time credit forfeiture of ninety (90) days. If success on his pending §1983 claim would negate one of the elements of his "mutual combat" violation, then the Court must grant judgment to Defendants because the loss of good time credits affected the duration of Plaintiff's confinement.

The Court agrees with Defendants that *Heck* bars Plaintiff's failure to protect claim. To prevail on that claim, Plaintiff would have to negate an element of the mutual combat violation, which resulted in the loss of good time credits. Specifically, Plaintiff would have to prove that he did not engage in "mutual combat," but that his cell mate attacked him. The Court therefore holds that Plaintiff's §1983 failure to protect claim is *Heck*-barred.

### B. Deliberate Indifference/Causation

Even if the *Heck* doctrine does not bar Plaintiff's claim, the Court finds that he has not met his burden in creating an issue of fact on Defendants' failure to protect. Although prison officials have a duty to protect inmates from violence, not every injury suffered at the hands of another inmate translates into constitutional liability for prison officials. *Farmer,* 511 U.S. at 834. A failure to protect rises to the level of an Eighth Amendment violation only when: "(1) the deprivation alleged is 'objectively, sufficiently serious' and (2) the prison

- 5 -

officials had a 'sufficiently culpable state of mind,' acting with deliberate indifference." *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)(quoting *Farmer*, 511 U.S. at 834).

Deliberate indifference involves something more than mere negligence. *Farmers*, 114 U.S. at 835. The Court will not hold Defendants liable under the Eight Amendment unless they knew of and disregarded "an *excessive* risk" to Plaintiff's safety. *Id*. at 837 (emphasis added). Prison officials must ensure "reasonable safety." *Id*. at 844 (internal citations omitted). This standard reflects prison officials' "unenviable task of keeping dangerous men in safe custody under humane conditions." *Id*. at 845 (internal quotations omitted).

Plaintiff did not file a controverting statement of facts. He did not file Declarations or portions of deposition testimony with his Response. Instead, he filed his discovery requests and some of Defendants' responses to those requests.

Nonetheless, the record reflects that Plaintiff asked Defendants Smith and Bott for a cell transfer. He told at least Defendant Smith that he had vague "safety concerns" because he and his cell mate were not getting along. The record does not reflect that Plaintiff ever advised Diguadio of any safety concerns or asked him for a transfer. Summary Judgment should be granted to Defendant Diguadio on that separate basis because a prison official cannot fail to protect an inmate from a danger of which he knows nothing.

Plaintiff has not presented any evidence demonstrating that he had a history of violence with his cell mate, that his cell mate had threatened him, or that they were in rival gangs, or anything along those lines; let alone that he informed Defendants of any such issues. The record evidence indicates only that Plaintiff had vague "safety concerns" and that he and his cell mate were not getting along. Without more, Plaintiff cannot meet his burden of creating an issue of fact regarding whether Defendants Smith and Bott ignored an *excessive* risk to Plaintiff's safety by not transferring him.[5] Plaintiff has pointed to nothing in the record that would suggest that Defendants knew of or even should have known of an

---

[5]The Court does not think that prison officials have a duty to ensure that every inmate gets along with his cell mate.

- 6 -

excessive risk of injury to Plaintiff.

Plaintiff also has a problem with causation. In order to prevail against any of the Defendants, Plaintiff must prove both: "(1) that the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the eight amendment and (2) that this indifference was the actual and *proximate* cause of the deprivation of the inmates' eighth amendment right to be free from cruel and unusual punishment." *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988)(emphasis added). *See also* Ninth Circuit Model Jury Instruction 9.25 ("[I]n order to prove the defendant deprived the plaintiff of this Eighth Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence: . . 3. the act[s] of the defendant caaused harm to the plaintiff.").

The record evidence indicates that on the day of their fight, Plaintiff and his cell mate exited their cell and started swinging at each other. The prison found Plaintiff guilty of mutual combat. Plaintiff has not argued that he was attacked. In fact, he stated, "I told them I could not get along with my cellie. They forced me to stay with, him. I waiting for 6 days, but they wouldn't move. So *we* finally fought!" (Rules Violation Report, Doc. #97-6)(emphasis added). Because Plaintiff willingly engaged in the fight with his cell mate, his own actions were the proximate cause of any injury. Is Plaintiff arguing that Defendants had a duty to protect him from himself and his own violent actions? If so, the Court cannot agree.

Plaintiff's sole remaining claim for failure to protect is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Even if his claim were not *Heck*-barred, the Court finds that he has not met his summary judgment burden on the issues of deliberate indifference and causation.

Accordingly,

IT IS ORDERED Granting Defendants' Motion for Summary Judgment (Doc. #97).

///

///

- 7 -

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment for Defendants and against Plaintiff pursuant to this Order.

DATED this 4th day of March, 2010.

_____
James A. Teilborg
United States District Judge